

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 11, 1947

Hon. Clayton Bray
County Attorney
Sutton County
Sonora, Texas

Opinion No. V-301

Re: Reconsideration of
Opinions O-178 and
O-7011, relative to
use of courthouse
space by abstract
firms in light of
subsequent court
decisions and the
submitted facts.

Dear Sir:

Your request for an opinion of this office is substantially as follows:

"Your opinion O-178 and O-7011, involving the use of offices in the Courthouse, was called to the attention of the Commissioners' Court of this county and they decided, in view of Tarrant County v. Rattikin Title Co., 199 S. W. 2nd 269, which was dated later than your opinions, that, although they could not collect rent therefor, they could allocate to the County Clerk the office space formerly used and rented to the only abstract company in the county for copying space by all abstract companies. As a result, the abstract company still uses the same office exclusively, keeps it locked when not in actual use, and maintains an office directory sign in the rotunda of the courthouse advertising their location and the sales of insurance, but now pays no rent. Such abstract company maintains no other office and conducts all business there, both abstract and insurance, and maintains a private telephone. All of this I believe is contrary to the Rattikin case and, too, our County Clerk has sufficient office space to permit the

copying of records in the regular office
. . ."

In Opinion No. O-178, rendered on February 25, 1939, this department stated:

"It is a matter of common knowledge that a courthouse is designed for public use and no one should be allowed, or permitted, to occupy it except the public officials named in the statute."

Opinion No. O-7011, of this department, dated January 25, 1946, in support of Opinion No. O-178, stated:

"We know of no authority for the Commissioners' Court to expend County funds for office equipment and supplies to be used for purposes other than County purposes."

In the case of Tarrant County vs. Rattikin Title Co., 199 S. W. (2d) 269, the court stated as follows:

"'The court takes judicial knowledge of the fact that with the growth and accumulation of the public records the abstract companies are a necessary instrument of modern business life and are themselves agents of the public who examine and copy the records as agents of the individual members of the public after receiving orders for the preparation of an abstract.

"'The Court further takes judicial notice that it has never been the custom in any county in this State for the county to exact from the abstract companies making reasonable use of the public records either rent or fees in the guise of rent for the right to have access to and to inspect and copy the same, as was well known to the plaintiff at the time the defendant and the other abstract companies went into business and made plant investments.'

". . ."

"... <u>To allow the Commissioners'
Court to lease or rent office space to pri-
vate enterprise which was originally erected
for the use of public office, would be plac-
ing the Commissioners' Court and private en-
terprise in the relation of landlord and
tenant, and in a sense would be applying pub-
lic property for private use, which is a-
gainst the laws of our State.</u>" (Emphasis
ours)

The court, in passing upon the Rattikin case,
supra, stated that inasmuch as the question presented
was new to our jurisprudence they would adopt the law of
a foreign state announced in a Tennessee case, Shelby
County v. Memphis Abstract Co., 203 S. W. 339, as the
law in Texas, and which is in part as follows:

"We fail to find any statutory power
granted to the quarterly county court or to
the county commissioners of Shelby County to
lease any part of the space in the offices
designated for the use of county officials,
and we think it is clear that no such author-
ity exists. The power, if existent, on exer-
cise would give the lessee the right to con-
trol the space leased to him <u>or it to the
exclusion of other members of the public,</u> and
the leases could be multiplied, resulting in
the serious embarrassment of others whose
rights to use the registry rooms and equip-
ment cannot be denied.

"In the absence of statutory authority
no part of the rooms in current use as a
registry of deeds and as part of a courthouse
may be leased to be used for a period of
months or years for private purposes. County
buildings and their equipment are public pro-
perty held by the county, but in trust for
the public use. 7 R.C.L. p. 948; State v.
Hart, 144 Ind. 107, 43 N.E. 7, 33 L.R.A. 118,
and note; Decatur v. DeKalb County, 130 Ga.
488, 61 S.E. 23."

A county has no power to lease its property to
private persons in the absence of a constitutional or
statutory provision expressly or impliedly authorizing

it to do so.  The county buildings are public property
held by the county, but in trust for the public use,
and a board of commissioners has no power, unless ex-
pressly delegated to it, to allow such property to be
used for any but a public purpose. (14 Am. Jur. p. 208)

The law does not contemplate the use of the
county courthouse for office space for private purposes.
In your request you state that the abstract company
maintains no other office but conducts its abstract and
insurance business in an office furnished in the county
courthouse by Sutton County.  It is only incumbent upon
the county to furnish sufficient space for record copy-
ing.  (Art. 1945, V.C.S.)  It is assumed that the office
of County Clerk of Sutton County has sufficent office
space to permit the copying of records in the regular
office, and that the same does not interfere with the
business of said office.  This being true, it is the
opinion of this Department that this would meet the re-
quirement of the law.  In the case of Tarrant County v.
Rattikin Title Co., supra, there was no claim as to the
exclusive use of the space allotted nor was there any
claim that the appellee demanded more privileges than
any other citizen, whereas, in your case, the space al-
lotted is exclusive.  To warrant the Commissioners'
Court in authorizing the use of the office in question
for copying space, it must be shown that it is neces-
sary for the office of County Clerk to expand to care
for the volume of business.  But to have sufficient
space within the office of the County Clerk to care for
the demands of those desiring to inspect and copy re-
cords and at the same time grant exclusive use of the
office space within the Courthouse to an abstract com-
pany would not be warranted.  In view of the law an-
nounced in the Tarrant County case, and the facts sub-
mitted, it is the opinion of this Department that the
exclusive use of office space in the Sutton County
Courthouse by an abstract company would not be author-
ized.

## SUMMARY

A Commissioners' Court may allot addi-
tional offices to the County Clerk, if needed,
for furnishing space to the general public to
inspect and copy records, but may not grant
space in the county courthouse to an abstract
company for an office in which to conduct its

business to the exclusion of all others.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY
Burnell Waldrep
Assistant

BW:jt;wb;djm

APPROVED:

Price Daniel
ATTORNEY GENERAL